## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYMERE CORBIN,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-2480 |
| JULIO M. CORBIN, *et al.*,<br>    Defendants. | : <br> : <br> : | |

### MEMORANDUM

**GOLDBERG, J.**                                                                                                                          **JUNE 17, 2019**

*Pro se* Plaintiff Kymere Corbin, a convicted prisoner currently housed at SCI Retreat, filed this civil rights case pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania on April 10, 2019. (ECF No. 1.) The case was subsequently transferred to this District on June 5, 2019. (ECF No. 10.) Corbin has also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and an Amended Complaint ("AC"). (ECF No. 8.) The Defendants named in the AC are Julio M. Algarin, identified as the Warden of Montgomery County Prison, Sergeant M.S. Collins and Correctional Officers Jenkins, Greg and Corbin. Because it appears that Corbin is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.[1] For the following reasons, the AC will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTS

Corbin asserts that he was arrested on April 7, 2015 and was held thereafter at the Montgomery County Correctional Facility ("MCCF") and at Norristown State Hospital ("NSH"),

---

[1]     However, as Corbin is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

where he was ordered to undergo psychiatric treatment. (ECF No. 8 at 2.)[2] He alleges that during his arrest and while he was housed at MCCF he was subjected to excessive force. Specifically, Defendant Collins helped other prison officials abuse Corbin knowing that Corbin was mentally incompetent, Defendant Jenkins grabbed him by the nose and threw him to the grounds, a 13-15 member "CERT" team beat him so harshly he required treatment in the infirmary for head trauma, Defendant Greg pushed Corbin's food onto the floor, and Defendant Parks threw out his legal papers and beat him. (*Id.* at 2-3.) He also alleges that he was held in administrative custody for two years during which he was only permitted one hour of recreation in the prison yard while wearing leg restraints and hand cuffs. (*Id.* at 3.)

A search of public records confirms that Corbin was arrested on April 7, 2015 and ordered confined at MCCF. *See Commonwealth v. Corbin*, CP-46-CR-3432-2015 (Montgomery Cnty CCP). On December 28, 2015, he was ordered committed to NSH for a competency evaluation and for treatment. On July 28, 2016, he was transported from MCCF to NSH. His commitment at NSH was extended on October 4, 2016, December 14, 2016, March 8, 2017, and April 11, 2017. He was transported from NSH back to MCCF on June 12, 2017. He entered a plea of guilty to a charge of aggravated assault on August 14, 2017 and was sentenced to a term of 4 to 15 years imprisonment.

## II.     STANDARD OF REVIEW

The Court will grant Corbin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

---

[2]     The Court adopts the pagination supplied by the CM/ECF Docketing system.

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Corbin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.   DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims against Warden Algarin

Corbin names Warden Algarin as a Defendant but states no substantive allegation against him. The Court assumes that Corbin named Warden Algarin as a Defendant because he is a supervisor at MCCF. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Because Corbin fails to state any plausible basis for liability against Warden Algarin, he will be dismissed from the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Corbin will be permitted an opportunity to file a second amended complaint if he is able to cure the defect the Court has noted.

### IV. CONCLUSION

For the reasons stated, Corbin's claims against Defendant Algarin are dismissed without prejudice. Corbin may file an amended complaint within thirty days if he chooses to do so in an

attempt to correct the defect the Court has described.[3] The Court will defer service of the AC at this time. If Corbin opts not to file a second amended complaint, the AC will be served against the other named defendants only.

An appropriate Order follows.

---

[3] The Court is also concerned that Corbin's claims may be time barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Corbin's § 1983 claim is two years.

Corbin asserts only that he was arrested/confined at MCCF on April 7, 2015 and ordered to be transferred to NSH on December 28, 2015. (ECF No. 8 at 2.) The public docket reflects he was transported to NSH on July 28, 2016. Corbin provides no dates for when the actions he describes occurred. If they occurred before he was transferred to NSH, his claims could be untimely under the Pennsylvania two-year statute of limitations. However, the public docket also reflects that Corbin was returned to MCCF on June 12, 2017. If he opts to file a second amended complaint, Corbin should specify when the incidents he describes occurred.